1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DONALD J. BOHANA,              )   NO. CV 04-3037-AHM (MAN)
                                     )
12              Petitioner,          )   ORDER ACCEPTING AND ADOPTING
                                     )   FINDINGS, CONCLUSIONS AND
13         v.                        )   RECOMMENDATIONS OF UNITED STATES
                                     )   MAGISTRATE JUDGE
14   TOM E. VAUGHN, Warden, et al.,  )
                                     )
15              Respondents.         )
                                     )
16   _____ )

17

18         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,

19   all of the records herein, the Report and Recommendation of United

20   States Magistrate Judge, and Petitioner's Objections to Report and

21   Recommendation ("Objections").  The Court has conducted a *de novo* review

22   of those matters to which objections have been asserted.

23

24         The Court has considered Petitioner's arguments set forth in the

25   Objections and does not find them persuasive.  With respect to

26   Petitioner's sufficiency of the evidence claim in Ground One, as long

27   as there was evidence in the record enabling a rational trier of fact

28   to find the elements of second degree murder under a theory consistent

1    with the jury instructions, it is irrelevant whether the prosecutor also

2    argued theories not supported by the evidence.   *See* Griffin v. United

3    States, 502 U.S. 46, 56, 112 S. Ct. 466, 472 (1991)(a general verdict

4    will not be set aside merely because "one of the possible bases of

5    conviction was . . . unsupported by sufficient evidence").

6

7        Petitioner argues that an unreasonable inference -- that the victim

8    would not have gone to the deep end of the pool of her own free will --

9    is the foundation for the Magistrate Judge's conclusion that the

10   evidence was sufficient to enable a rational jury to find that

11   Petitioner "beat [the victim] and forced her into the deep end of the

12   pool, knowing that she could not swim and would drown." (Objections at

13   18-19; Report and Recommendation at 31.)   However, while the victim's

14   family and friends testified that, in the months before her death, she

15   had overcome her substantial fear of swimming pools and expressed a

16   willingness to enter a pool and learn to swim, there was *no* evidence,

17   other than Petitioner's own testimony, that anyone had ever seen her

18   voluntarily enter the *deep* end of a pool.   (*See* Objections at 17-19;

19   Report and Recommendation at 14-16, 31-32.)   Thus, Petitioner's argument

20   cannot be squared with clearly established Supreme Court law requiring

21   the reviewing court to consider all conflicts in the evidence in the

22   light most favorable to the prosecution.   *See* Jackson v. Virginia, 443

23   U.S. 307, 326, 99 S. Ct. 2781, 2793 (1979).

24

25       Regarding Petitioner's ineffective assistance of counsel claim in

26   Ground Two, Petitioner argues that he was prejudiced by defense

27   counsel's decision not to call a forensic pathologist.   (Objections at

28   61-64.)   However, the Report and Recommendation does not rest its

1   conclusion that defense counsel was not ineffective on the prejudice
2   prong of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984).
3   Rather, the Magistrate Judge expressly stated that, because Petitioner's
4   ineffective assistance claim failed under the deficient performance
5   prong of <u>Strickland</u>, she would not consider the prejudice prong.[1]
6   (Report and Recommendation at 45 n.11.)

7

8       Moreover, in his declaration and testimony at the state court
9   evidentiary hearing, defense counsel set forth his reasons for not
10  calling expert witnesses, and the state court found them reasonable.
11  Despite Petitioner's vigorous attempt to demonstrate the ways in which
12  defense experts would have provided helpful testimony, he has not
13  overcome the presumption that defense counsel's decision to try to
14  undermine the testimony of the state's experts through cross-
15  examination, rather than present competing testimony by defense experts,
16  was within the scope of reasonable professional assistance. <u>Strickland</u>,
17  466 U.S. at 689, 104 S. Ct. at 2065.

18

19      Petitioner complains that, although defense counsel testified that
20  he decided not to call expert witnesses in part because he expected
21  Petitioner's testimony to "pull the case together," this rationale was

22  ─────────────────────────

23      [1]    The Court notes that Petitioner's lengthy Objections rely on
    matters not pertinent to Magistrate Judge's findings and conclusions.
24  Thus, Petitioner argues that defense counsel's purported errors were
    prejudicial, even though the Magistrate Judge based her conclusion that
25  counsel was not ineffective solely on the deficient performance prong
    of <u>Strickland</u>, and argues that the state court erroneously
26  characterized certain trial testimony, even though the analysis in the
    Report and Recommendation did not rely on that testimony.   (<i>See</i>
27  Objections at 31-33, 61-63, 76-82, Report and Recommendation at 30-31,
28  45 n.11, 60 n.16.)

1 not viable after counsel saw that Petitioner was not a good witness.
2 (Objections at 54.)   Defense counsel's decision not to call expert
3 witnesses, however, did not rest only on his belief that Petitioner
4 would be a good witness.   Thus, defense counsel cannot be deemed
5 ineffective merely because he did not modify his strategy after that
6 belief proved erroneous.

7

8       Similarly, Petitioner argues that he was prejudiced by defense
9 counsel's decision not to request an involuntary manslaughter
10 instruction, because the trial court was willing to give such an
11 instruction and the note submitted by the jury to the trial court
12 indicated the jury's willingness to consider a manslaughter verdict.
13 (Objections at 77.)   Once again, the Report and Recommendation rejected
14 Petitioner's ineffective assistance claim based solely on the deficient
15 performance prong of Strickland; the prejudice prong was not reached.
16 (Report and Recommendation at 60 n.16.)   Defense counsel's admittedly
17 risky strategy of presenting the jury with an all-or-nothing choice
18 between a murder verdict, if it accepted the prosecution's version of
19 the events, or an acquittal, if it accepted Petitioner's version of
20 events, was objectively reasonable, especially since an involuntary
21 manslaughter theory was inconsistent with Petitioner's version of the
22 events as provided by his testimony.

23

24       In the portion of his Objections challenging the conclusions of the
25 Report and Recommendation with respect to Grounds Four and Five,
26 Petitioner argues that the Magistrate Judge found tactical reasons for
27 defense counsel's failure to object and other omissions, although there
28 is "no evidence as to trial counsel's thought processes." (Objections

4

1   at 96.)   It is settled law that the Court need not determine the actual
2   reason for an attorney's actions, as long as they were reasonable.
3   Morris v. California, 966 F.2d 448, 456 (9th Cir. 1991); United States
4   v. Molina, 934 F.2d 1440, 1448 (9th Cir. 1991).

5

6   Petitioner argues that, under Alcala v. Woodford, 334 F.3d 862 (9th
7   Cir. 2003), the court "may not find a strategic basis for counsel's
8   actions in the absence of evidence."   (Objections at 86.)   Alcala is
9   inapposite.   In that case, the Ninth Circuit found that counsel was
10  ineffective when he presented an alibi defense but failed to call the
11  only witness able to testify regarding the specific date and time of the
12  alibi.   Counsel did not recall why he decided not to call the witness.
13  The Ninth Circuit rejected the state's argument that counsel may have
14  been motivated by the witness's initial equivocation regarding the
15  petitioner's arrival time, because "it would have us find a strategic
16  basis for trial counsel's actions in the absence of evidence," and also
17  because such a rationale was inconsistent with other evidence showing
18  that the witness's testimony would still have been useful.   Alcala, 334
19  F.3d at 870-01.   This is a far different situation than that presented
20  here, where the issue is defense counsel's decision not to object during
21  closing argument, or not to advise Petitioner to pursue a defense that
22  would have depended on a version of events inconsistent with
23  Petitioner's version.

24

25  Having carefully considered each of Petitioner's Objections, the
26  Court accepts and adopts the Magistrate Judge's Report and
27  Recommendation and the findings of fact, conclusions of law, and
28  recommendations therein.

1      IT IS ORDERED that:  (1) the Petition is DENIED; and (2) Judgment

2   shall be entered dismissing this action with prejudice.

3

4      IT IS FURTHER ORDERED that the Clerk shall serve copies of this

5   Order and the Judgment on counsel for Petitioner and counsel for

6   Respondents.

7

8   DATED:   _October 14, 2008_

9

10                                     _____
                                         A. HOWARD MATZ
11                                       UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28